## Mullins et al. v. Commonwealth.

Feb. 23, 1945.

Fred K. Cope for appellants.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD— Affirming.

The appellants were jointly indicted and tried for the crime of malicious cutting and wounding with the intent to kill one Levi Hoskins. Both were convicted; the punishment of Mullins fixed at ten years' confinement in the penitentiary, and the punishment of Miller at five years. While other errors were alleged in support

of appellants' motion for a new trial, the only ground for a reversal urged is that the evidence was insufficient to support the verdict.

In disposing of this contention it is sufficient to say that, regardless of what caused appellants to pursue Hoskins to the home of Chrisley Lewis to which he had fled for safety, there was no possible excuse for the brutal injuries which appellants there inflicted upon him; that, although there is decided conflict in the testimony as to whether Miller entered Lewis' house, there is no doubt that he participated in the severe beating inflicted upon Hoskins after the latter had been caught inside the house by Mullins, cut, and dragged on to the front porch; that appellants did not even contend that they believed themselves to be in danger from the fleeing victim; and that the only material conflict in the testimony of the victim and his assailants arises from the former's statement that Mullins cut him with a knife, and Mullins' assertion that he contented himself with the use of his fists, rocks and a blackjack. Whether, in view of the prowess and ferocity displayed by Mullins, Miller's aid in inflicting the injuries on Hoskins was necessary, may be doubted, but the jury had the right to believe from the evidence that Miller joined in the pursuit for the purpose of rendering, and that he did actually render, such assistance to Mullins in the commission of the crime as the exigencies of the situation appeared to them to require, and this was amply sufficient to justify the jury in convicting Miller as an aider and abettor. The jury also had the right to disbelieve Mullins' statement that he did not intend to kill Hoskins or do more than give him a good whipping, and with the question of his intent thus disposed of, the jury had no alternative to finding him guilty as the principal perpetrator.

We could not reverse the judgment in this case without usurping the functions of the jury, a fact so patent that only the zeal of counsel could overlook it.

This summary disposition of counsel's contention may appear abrupt; but, where no question of law is involved and the evidence is amply sufficient to support the jury's verdict, the Court's time and the Bar's purse are conserved by thus curtailing a fruitless discussion.

Judgment affirmed.